**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GAYNELL WILLIAMS, Administrator of    :
the Estate of Geoffrey Pernell Williams,    :
                    Plaintiff    :
          v.    :    No.:
   :
JIOVANNI DONVITO and CITY OF    :
SCRANTON,    :
           Defendants    :

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:**

Defendant, Jiovanni DonVito, by and through their undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. Defendant states the following grounds to support removal:

1.     Plaintiff, Gaynell Williams, Administrator of the Estate of Geoffrey Pernell Williams, commenced this action by a Writ of Summons filed on or about August 6, 2020, with the Court of Common Pleas of Lackawanna County. *See Docket Entries, Court of Common Pleas of Lackawanna County, at No.: 20-CV-3029*, attached hereto, and made a part hereof, as **Exhibit A**.

2.     Defendant, Jiovanni DonVito, was served with the Writ of Summons on August 11, 2020. *See Id.*

3.      On October 9, 2020, Frank J. Lavery, Jr., Esquire, and Stephen B. Edwards, Esquire, entered their appearances on behalf of DonVito. *See Id.*

4.      On October 13, 2020, Karl R. Hildabrand, Esquire, entered his appearance on behalf of DonVito. *See Id.*

5.      And on October 30, 2020, Attorney Lavery withdrew his appearance. *See Id.*

6.      Joseph J. Santarone, Esquire, entered his appearance for DonVito on January 27, 2021. *See Id.*

7.      Attorney Hildabrand has now withdrawn his appearance on behalf of DonVito and entered his appearance on behalf of the City of Scranton. *See Id.*

8.      On January 7, 2021, Plaintiff, Gaynell Williams, Administrator of the Estate of Geoffrey Pernell Williams, filed a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, at Docket No.: 20-CV-3029. A true and correct copy of the Complaint, along with all other documents filed with the Lackawanna County court in the matter, is attached hereto, and made a part hereof, as **Exhibit B**.

9.      The Complaint names Jiovanni DonVito and the City of Scranton as Defendants. *See gen. Complaint.*

10.     According to the Complaint, DonVito is and, at all relevant times, was a police officer working for the City of Scranton Police Department. *Complaint*, at ¶ 4.

11.     DonVito was served with the Complaint on January 7, 2021. *See Docket Entries* (**Exhibit A**).

12.     This Notice of Removal is timely, as it has been filed within thirty (30) days

after receipt of Plaintiff's Complaint by DonVito, in accordance with 28 U.S.C. § 1446(b),

which states that a "notice of removal of a civil action or proceeding shall be filed within thirty

days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based . . .

." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999); *Miles v.

MetLife, Inc.*, 2006 WL 8459462, at *2 (E.D. Pa. March 16, 2006).

13.     The Complaint contains a cause of action against DonVito under 42 U.S.C. §

1983 for alleged violations of the U.S. Constitutional rights of Decedent, Geoffrey Pernell

Williams, under the Fourth and Fourteenth Amendments (Count One), alleging that DonVito

used unreasonable force to seize the decedent and violate his rights, eventually resulting in

his death. *Complaint*, at ¶¶ 30-33.

14.     It also contains a cause of action against the City of Scranton under 42 U.S.C.

§ 1983 for alleged violation of the Fourth and Fourteenth Amendment rights of Decedent,

Geoffrey Pernell Williams (Count Two), asserting that the City of Scranton failed to properly

train DonVito, which caused the deprivations of Decedent's rights under the U.S.

Constitution that resulted in the decedent's death. *Complaint*, at ¶¶ 34-39.

15.     Finally, the Complaint contains causes of action for assault (Count Three) and

battery (Count Four) against DonVito, contending that DonVito intended to put the decedent

in reasonable and immediate apprehension of harmful and offensive conduct and contacted

3

the decedent in a harmful and offensive manner, resulting in his death. *Complaint*, at ¶¶ 40-47.

16.     Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has original jurisdiction over federal claims, like Counts One and Two of the Complaint, which allege violations of Federal Civil (Constitutional) Rights and seek relief under 42 U.S.C. § 1983. *See 28 U.S.C. § 1331* ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *28 U.S.C. § 1343(a)(3) & (4)* ("(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.").

17.     This Court has supplemental jurisdiction over the state law claims, like Counts Three and Four, pursuant to 28 U.S.C. § 1367(a). *See 28 U.S.C. § 1367(a)* ("(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

18.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the lawsuit.

19.      Defendant, the City of Scranton, now represented by Karl R. Hildabrand, Esquire, consents to this removal, and will be filing a written consent or joinder to this Notice of Removal with this Honorable Court forthwith.

20.      Written notice of the filing of this Notice of Removal has been given to all the parties in accordance with 28 U.S.C. § 1446(d), as noted in the Certificate of Service attached hereto.

21.      Pursuant to 28 U.S.C. §1446(d), DonVito is, on this date, filing a Notice of Removal with the Clerk of Judicial Records/Prothonotary of the Court of Common Pleas of Lackawanna County and serving a copy of the same on Plaintiff and the City of Scranton. A copy of the Notice (without Exhibit) is attached hereto, and made a part hereof, as **Exhibit C**.

22.      As noted previously, attached hereto, and made a part hereof, as **Exhibit B** is a copy of all process, pleadings and orders served on Removing Party with regard to the action: *Williams v. DonVito, et al.*, Docket No.: 20-CV-3029, in the Court of Common Pleas of Lackawanna County, Pennsylvania.

23.     DonVito specifically reserves, and by the filing of this Notice of Removal does not waive, any applicable defenses to Plaintiff's Complaint. The filing of this Notice does not represent acknowledgement of the validity of any claims made by Plaintiff.

**WHEREFORE,** Defendant, Jiovanni DonVito, respectfully removes this action to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY**
*Attorneys for Defendant,*
*Jiovanni DonVito*

By:     *s/Joseph J. Santarone*
Joseph J. Santarone
Pennsylvania I.D. No.: 45723

2000 Market Street, Suite 2300
Philadelphia, PA 19103
Ph: (215) 575-2626
Fax: (215) 575-0856
Email: jjsantarone@mdwcg.com

By:     *s/Thomas A. Specht*
Thomas A. Specht
Pennsylvania I.D. No.: 78686

P.O. Box 3118
Scranton, PA 18505-3118
Ph: (570) 496-4612
Fax: (570) 496-0567
Email: taspecht@mdwcg.com

Dated:     February 3, 2021.

## AFFIDAVIT

JOSEPH J. SANTARONE/THOMAS A. SPECHT, being duly sworn according to law depose and say that the facts set forth in the foregoing Notice of Removal are true and correct to the best of their knowledge, information and belief.

_____
JOSEPH J. SANTARONE/THOMAS A. SPECHT

*SWORN TO AND SUBSCRIBED*

before me this  3rd        day

of  February          , 2021

_____
Notary Public

> Commonwealth of Pennsylvania - Notary Seal
> NANCY WISE - Notary Public
> Lackawanna County
> My Commission Expires Nov 3, 2022
> Commission Number 1286600

**AFFIDAVIT OF SERVICE**

JOSEPH J. SANTARONE/THOMAS A. SPECHT, being duly sworn according to law,

depose and say that they are filing a true and correct certified copy of the Defendant's

Notice of Removal, together with copies of the documents attached hereto with the

Prothonotary of Lackawanna County, Pennsylvania by mail or hand-delivery on February 3,

2021.

**MARSHALL DENNEHEY**

*Attorneys for Defendant,*
*Jiovanni DonVito*

By:   *s/Joseph J. Santarone*
Joseph J. Santarone
Pennsylvania I.D. No.: 45723

2000 Market Street, Suite 2300
Philadelphia, PA 19103
Ph: (215) 575-2626
Fax: (215) 575-0856
Email: jjsantarone@mdwcg.com

By:   *s/Thomas A. Specht*
Thomas A. Specht
Pennsylvania I.D. No.: 78686

P.O. Box 3118
Scranton, PA  18505-3118
Phone: (570) 496-4612
Fax: (570) 496-0567
Email: taspecht@mdwcg.com

Date: February 3, 2021.

# EXHIBIT "A"

```
10183802032021        Lackawanna County Clerk/Judicial Records              Page    1
   PYSPRT                    Civil Case Detail Report                        2/03/2021

   Case No.......... 2020-03029  WILLIAMS (vs) VITO

Reference No......                                    Filed..........   8/06/2020
Case Type.........  TORT/O OTHER                      Time...........      10:27
Judgment..........              $.00                  Execution Date.   0/00/0000
Judge Assigned....                                    Jury Trial.....
Disposed Desc.....                                    Disposed Date..   0/00/0000
----------- Case Comments -----------                 Higher Crt 1...
                                                      Higher Crt 2...
```

```
********************************************************************************
                           ++ GENERAL INDEX ++
Indexed Party                                    Attorney Info
WILLIAMS GAYNELL                 PLAINTIFF        CENTINI SHELLEY L
  NEW YORK, NY 10002                               88 NORTH FRANKLIN ST
                                                   WILKES BARRE, PA  18701

WILLIAMS GEOFFREY PERNELL        PLAINTIFF        CENTINI SHELLEY L
ESTATE OF                                          88 NORTH FRANKLIN ST
  NEW YORK, NY 10002                               WILKES BARRE, PA  18701

VITO DON                         DEFENDANT        HILDABRAND KARL R
  SCRANTON, PA 18503                               225 MARKET ST  SUITE 304
                                                   PO BOX 1245
                                                   HARRISBURG, PA  17108-0300

DONVITO JIOVANNI                 DEFENDANT        SANTARONE JOSEPH J
  SCRANTON, PA 18503                               2000 MARKET ST STE 2300
                                                   PHILADELPHIA, PA  19103

SCRANTON CITY OF                 DEFENDANT        HILDABRAND KARL R
  SCRANTON, PA 18503                               225 MARKET ST  SUITE 304
                                                   PO BOX 1245
                                                   HARRISBURG, PA  17108-0300
```

```
********************************************************************************
                           ++ DOCKET ENTRIES ++
  Date      Entry Text
- - - - - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - -
8/06/2020   PRAECIPE FOR WRIT OF SUMMONS IN CIVIL ACTION FILED
                              2 Image page(s) exists for this entry
            ------------------------------------------------------------
8/12/2020   SHERIFF'S RETURN: OF SUMMONS DATED 8-11-20 UPON DON VITO BY LACKA.
            CTY.
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/08/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/08/2020  CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE
            4009.22 FILED
                             26 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  CERTIFICATE OF SERVICE FILED
                              1 Image page(s) exists for this entry
            ------------------------------------------------------------
10/09/2020  ENTRY OF APPEARANCE OF FRANK LAVERY JR ESQ ON BEHALF OF
            DEF. W/ CERT OF SER FILED
                              2 Image page(s) exists for this entry
            ------------------------------------------------------------
10/13/2020  ENTRY OF APPEARANCE OF KARL HILDABRAND ESQ ON BEHALF OF DEF. FILED
            W/ CERT OF SER
```

```
10183802032021          Lackawanna County Clerk/Judicial Records          Page    2
    PYSPRT                   Civil Case Detail Report                     2/03/2021

  Case No.......... 2020-03029  WILLIAMS (vs) VITO

Reference No......                                  Filed..........  8/06/2020
Case Type........ TORT/O OTHER                      Time...........     10:27
Judgment..........              $.00                Execution Date.  0/00/0000
Judge Assigned....                                  Jury Trial.....
Disposed Desc.....                                  Disposed Date..  0/00/0000
----------- Case Comments -----------               Higher Crt 1...
                                                    Higher Crt 2...
                            2 Image page(s) exists for this entry
            -------------------------------------------------------------
10/27/2020  PRAECIPE FOR RULE TO FILE COMPLAINT, RULE 10-27-20, CERT OF SER
            AND COMPLIANCE FILED
                            3 Image page(s) exists for this entry
            -------------------------------------------------------------
10/30/2020  WITHDRAWAL OF APPEARANCE OF FRANK J. LAVERY, JR., ESQ. FOR DEFT. W/
            CERT OF SERVICE & COMPLIANCE
                            3 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/05/2021  CERTIFICATE OF SERVICE FILED
                            1 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/05/2021  PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOC'S BY A NON-PARTY
            FILED
                           11 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/07/2021  COMPLAINT FILED W/ CERT OF SER
                           12 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/14/2021  VERIFICATION FILED
                            1 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/20/2021  CERTIFICATE OF SERVICE FILED
                            1 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/20/2021  CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE
            4009.22 FILED
                            6 Image page(s) exists for this entry
            -------------------------------------------------------------
 1/27/2021  ENTRY OF APPEARANCE OF JOSEPH J SANTARONE ESQ ON BEHALF OF
            DEF. JIOVANNI DONVITO W/ CERT OF SER FILED
                            2 Image page(s) exists for this entry
            -------------------------------------------------------------
 2/01/2021  ENTRY OF APPEARANCE OF KARL R. HILDABRAND, ESQ. FOR CITY OF
            SCRANTON W/CERT OF SERVICE & COMPLIANCE
             - - - - - - - - - - - - LAST ENTRY  - - - - - - - - - - - -

**********************************************************************************
                        ++ Escrow Information ++
Cost / Fee              Beg. Balance     Pymts/Adjmts     End. Balance
WRIT OF SUMMONS            $141.75          $141.75           $.00
WRIT SUMMONS WR              $.50             $.50            $.00
PAF                        $5.00            $5.00            $.00
JCS/ATJ                   $40.25           $40.25            $.00
COMPUTER FEE               $5.00            $5.00            $.00
SUBPOENA                   $4.50            $4.50            $.00
SUBPOENA                   $4.50            $4.50            $.00
                        ------------     ------------     ------------
                          $201.50          $201.50           $.00

**********************************************************************************
                          End of Case Information
```

**EXHIBIT "B"**

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

20 CV 3629

TIME STAMP
MAURI B. KELLY
LACKAWANNA COUNTY

2020 NOV -6 PM 2: 27

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- [ ] Complaint
- [X] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Gaynell Williams, Administrator et al. | Don Vito |

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested:
(check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Shelley L. Centini

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**S E C T I O N   B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [X] Other:
  wrongful death

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute:
  Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations
  Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

MAURI B. KELLY
Gaynell Williams, Administrator of the LACKAWANNA COUNTY NO.   20 CV 3029
Estate of Geoffrey Pernell Williams
376 Madison Street, Apt 5F          2020 AUG -6  A 10: 27
New York, NY 10002                          :

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

vs.                                                    CIVIL ACTION

Don Vito                                       :
100 S. Washington Avenue            :
Scranton, PA 18503                       :

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Issue Summons in Civil Action in the above case
Writ of Summons shall be forwarded to   __X__ Attorney   __X__ Sheriff

Shelley L. Centini, Esq.
PA Bar ID: 85680
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860

Date: 8/3/20

●●●●●●

## SUMMONS IN CIVIL ACTION

You are notified that the Plaintiff has commenced action against you.

SEAL OF
THE COURT

Mauri B. Kelly, Clerk of Judicial Records

AUG - 6 2020

Date: _____

SHERIFF'S RETURN – REGULAR

CASE NO: 2020–03029 P

COMMONWEALTH OF PENNSYLVANIA:
COUNTY OF LACKAWANNA

WILLIAMS _____

MAURI B. KELLY
LACKAWANNA COUNTY

        VS

2020 AUG 12  A 11: 45

VITO _____

CLERK OF JUDICIAL
RECORDS/CIVIL DIVISION

KRISTI PACUILLI _____, Deputy Sheriff of Lackawanna County

County, Pennsylvania, who being duly sworn according to law,

says, the within WRIT OF SUMMONS _____ was served upon

VITO DON _____ the

DEFENDANT _____, at 0003:00 AM Hour, on the 11th day of August ___, 2020

at 100 S WASHINGTON AVE _____ _____

SCRANTON, PA 18503 _____ by handing to

HIM PERSONALLY AT 200 NORTH ___ WASHINGTON AVE _____

a true and attested copy of WRIT OF SUMMONS _____ together with

_____

_____

and at the same time directing His attention to the contents thereof.

_____
_____
_____

Sheriff's Costs:
Docketing          .00
Service            .00
Affidavit        .00
Surcharge        .00
                  .00
                  .00

So Answers:
Mark P. McAndrew, Sheriff_____

_Kristi Pacuille_
                Deputy Sheriff
00/00/0000

Sworn and Subscribed to before

me this _____ day of

_____ A.D.

_____
      Prothonotary

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

MAURI B. KELLY
LACKAWANNA COUNTY

Gaynell Williams, Administrator of the          :
Estate of Geoffrey Pernell Williams             :
376 Madison Street, Apt 5F                      :
New York, NY 10002                              :

2020 OCT -8 P 1: 52

CIVIL ACTION ERK OF JUDICIAL
RECORDS CIVIL DIVISION

                                                :
        vs.                                     :
                                                :
                                                :
Don Vito                                        :
100 S. Washington Avenue                        :     NO.   20-cv-3029

## CERTIFICATE OF SERVICE

I, SHELLEY L. CENTNI, ESQ., hereby certify that on this **6** th day of

**October, 2020**, I served the following document(s) via regular mail to the

following at the address listed below:

1. Certificate Prerequisite to Service of a Subpoena Pursuant to Rule 4009.22.

TO: Don Vito
c/o Scranton Police Department
100 South Washington Avenue
Scranton, PA 18503

Shelley L. Centini, Esq.
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA  18701
570-829-4860
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the          :
Estate of Geoffrey Pernell Williams             :
376 Madison Street, Apt 5F                      :
New York, NY 10002                              :
                                                :
          vs.                                   :
                                                :
Don Vito                                        :
100 S. Washington Avenue                        :          NO.   20-cv-3029

### CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to

Rule 4009.22, Plaintiff, Gaynell Williams, by and through her attorneys Shelley L.

Centini, Esquire and the Dyller Law Firm certify the following:

1.     A Notice of Intent to Serve the Subpoena with a copy of the Subpoena

attached thereto was mailed or delivered to each party at least twenty (20) days prior to

the date on which the subpoena is sought to be served.

2.     Copies of the Notice of Intent, including the proposed subpoenas, are

attached to this certificate.

3.     No objection to the subpoenas has been received.

4.     The subpoenas, which will be served are identical to the subpoenas that

are attached to the notice of intent to serve the subpoena.

Respectfully submitted,

Date:  10/6/20

Shelley L. Centini, Esquire
The Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Gaynell Williams, Administrator of the | : | |
| Estate of Geoffrey Pernell Williams | : | |
| 376 Madison Street, Apt 5F | : | CIVIL ACTION |
| New York, NY 10002 | : | |
| | : | |
| vs. | : | |
| | : | |
| Don Vito | : | |
| 100 S. Washington Avenue | : | NO.   20-cv-3029 |
| Scranton, PA 18503 | : | |

NOTICE OF INTENT TO SERVE A SUBPOENA
TO PRODUCE DOCUMENTS AND THINGS FOR
DISCOVERY PURSUANT TO RULE 4009.21

Gaynell Williams, as Administrator of the Estate of Geoffrey P. Williams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice.  You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena.  If no objection is made, the

subpoena may be served.


DATE: ___9|10|20___

_Shelley A. Centini_
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiffs

## COMMONWEALTH OF PENSYLVANIA
## COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams

vs

Don Vito

File No. _2020-03029 P_

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
## PURSUANT TO RULE 4009.22

TO:  Lackawanna County District Attorney's Office
_____
(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena

At  Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.

THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:  Shelley L. Centini, Esq.
Address:  88 N. Franklin Street
Wilkes-Barre, PA 18701
Telephone:  570-829-4860
Supreme Court I.D. #  85680
Attorney For:  Plaintiff

BY THE COURT:

*Mauri B. Kelly*

Mauri B. Kelly
Clerk of Judicial Records, Civil Division

DATE: ___AUG 2 5 2020___
(Seal of the Court)

EXHIBIT A

DEFINITIONS AND INSTRUCTIONS

1.      The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.      Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced.  Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.     The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.     "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

## DOCUMENTS SOUGHT THROUGH SUBPOENA

1.     All documents (as defined above) concerning Geoffrey P. Williams.

2.     All documents (as defined above) concerning the September 20, 2019 Events.

3.     All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.     All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.     All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the       :
Estate of Geoffrey Pernell Williams          :
376 Madison Street, Apt 5F                   :          CIVIL ACTION
New York, NY 10002                           :
                                             :
         vs.                                 :
                                             :
                                             :
Don Vito                                     :
100 S. Washington Avenue                     :          NO.   20-cv-3029
Scranton, PA 18503                           :

NOTICE OF INTENT TO SERVE A SUBPOENA
TO PRODUCE DOCUMENTS AND THINGS FOR
DISCOVERY PURSUANT TO RULE 4009.21

Gaynell Williams, as Administrator of the Estate of Geoffrey P. Williams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice. You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena. If no objection is made, the

subpoena may be served.

DATE: _9|10|20_

_Shelley L. Centini_
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiffs

## COMMONWEALTH OF PENSYLVANIA
## COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams

VS

File No. ___2020-03029 P___

Don Vito

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
## PURSUANT TO RULE 4009.22

TO:  Pennsylvania Probation and Parole - Scranton
_____
(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena

At  Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701
_____
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.

THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:  Shelley L. Centini, Esq.
Address:  88 N. Franklin Street
Wilkes-Barre, PA 18701
Telephone:  570-829-4860
Supreme Court I.D. #  85680
Attorney For:  Plaintiff

BY THE COURT:

*Mauri B. Kelly*

Mauri B. Kelly
Clerk of Judicial Records, Civil Division

DATE: ___AUG 2 5 2020___
(Seal of the Court)

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.    Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced.  Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.    The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.    "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

## DOCUMENTS SOUGHT THROUGH SUBPOENA

1.    All documents (as defined above) concerning Geoffrey P. Williams.

2.    All documents (as defined above) concerning the September 20, 2019 Events.

3.    All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.    All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.    All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the                    :
Estate of Geoffrey Pernell Williams                       :
376 Madison Street, Apt 5F                                :          CIVIL ACTION
New York, NY 10002                                        :

      vs.                                                :

                                                           :

Don Vito                                                   :
100 S. Washington Avenue                                  :          NO.   20-cv-3029
Scranton, PA 18503                                        :

### NOTICE OF INTENT TO SERVE A SUBPOENA
### TO PRODUCE DOCUMENTS AND THINGS FOR
### DISCOVERY PURSUANT TO RULE 4009.21

    Gaynell Williams, as Administrator of the Estate of Geoffrey P. Williams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice. You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena.  If no objection is made, the

subpoena may be served.

DATE: __9|10|20____

                                           *Shelley L. Centini*
                                           Shelley L. Centini, Esq.
                                           DYLLER LAW FIRM
                                           88 North Franklin Street
                                           Wilkes-Barre, PA  18701
                                           (570) 829-4860
                                           Attorney for Plaintiffs

COMMONWEALTH OF PENSYLVANIA
COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams                                 :

                                                                   :       File No. ___2020-03029 P___
                                                                   :
                                             VS                    :
Don Vito                                                           :
                                                                   :
                                                                   :

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
## PURSUANT TO RULE 4009.22

TO:   Scranton Police Department

                              (Name of Person or Entity)

        Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena


At   Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701
                              (Address)

        You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

        If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.


THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:     Shelley L. Centini, Esq.
Address:  88 N. Franklin Street                                    BY THE COURT:
          Wilkes-Barre, PA 18701
Telephone:  570-829-4860
Supreme Court I.D. #  85680                                        _Mauri B. Kelly_
Attorney For:  Plaintiff                                           Mauri B. Kelly
                                                                   Clerk of Judicial Records, Civil Division


DATE: _____ AUG 2 5 2020 _____
              (Seal of the Court)

## EXHIBIT A
## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.     Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced.  Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.     The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.     "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

## DOCUMENTS SOUGHT THROUGH SUBPOENA

1.     All documents (as defined above) concerning Geoffrey P. Williams.

2.     All documents (as defined above) concerning the September 20, 2019 Events.

3.     All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.     All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.     All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the          :
Estate of Geoffrey Pernell Williams             :
376 Madison Street, Apt 5F                      :          CIVIL ACTION
New York, NY 10002                              :
                                                :
          vs.                                   :
                                                :
Don Vito                                        :
100 S. Washington Avenue                        :          NO.   20-cv-3029
Scranton, PA 18503                              :

NOTICE OF INTENT TO SERVE A SUBPOENA
TO PRODUCE DOCUMENTS AND THINGS FOR
DISCOVERY PURSUANT TO RULE 4009.21

Gaynell Williams, as Administrator of the Estate of Geoffrey P. Williams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice.  You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena.  If no objection is made, the

subpoena may be served.

DATE: _9|10|20_____

_Shelley L. Centini_
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiffs

COMMONWEALTH OF PENSYLVANIA
COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams

Don Vito

VS

File No. ___2020-03029 P___

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
### PURSUANT TO RULE 4009.22

TO:  Pennsylvania State Police

(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena

At  Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701

(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.

THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:  Shelley L. Centini, Esq.
Address:  88 N. Franklin Street
             Wilkes-Barre, PA 18701
Telephone:  570-829-4860
Supreme Court I.D. #  85680
Attorney For:  Plaintiff

BY THE COURT:

*Mauri B. Kelly*

Mauri B. Kelly
Clerk of Judicial Records, Civil Division

DATE:  AUG 2 5 2020

(Seal of the Court)

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.      Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced.  Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.     The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.     "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

## DOCUMENTS SOUGHT THROUGH SUBPOENA

1.     All documents (as defined above) concerning Geoffrey P. Williams.

2.     All documents (as defined above) concerning the September 20, 2019 Events.

3.     All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.     All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.     All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the      :
Estate of Geoffrey Pernell Williams         :
376 Madison Street, Apt 5F                  :          CIVIL ACTION
New York, NY 10002                          :
                                            :
        vs.                                 :
                                            :
Don Vito                                    :
100 S. Washington Avenue                    :          NO.   20-cv-3029
Scranton, PA 18503                          :

NOTICE OF INTENT TO SERVE A SUBPOENA
TO PRODUCE DOCUMENTS AND THINGS FOR
DISCOVERY PURSUANT TO RULE 4009.21

        Gaynell Williams, as Administrator of the Estate of Geoffrey P. Wiliams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice.  You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena.  If no objection is made, the

subpoena may be served.

DATE: _____9|10|20_____

_____
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiffs

COMMONWEALTH OF PENSYLVANIA
COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams

Don Vito

VS

File No. ___2020-03029 P___

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
## PURSUANT TO RULE 4009.22

TO:   Lackawanna County 911
_____

(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena
_____

At   Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701
_____

(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.

THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:   Shelley L. Centini, Esq.
Address:  88 N. Franklin Street
          Wilkes-Barre, PA 18701
Telephone:   570-829-4860
Supreme Court I.D. #  85680
Attorney For:   Plaintiff

BY THE COURT:

*Mauri B. Kelly*

Mauri B. Kelly
Clerk of Judicial Records, Civil Division

DATE:   AUG 2 5 2020

(Seal of the Court)

# EXHIBIT A
## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.      Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced.  Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.    The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.    "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

## DOCUMENTS SOUGHT THROUGH SUBPOENA

1.    All documents (as defined above) concerning Geoffrey P. Williams.

2.    All documents (as defined above) concerning the September 20, 2019 Events.

3.    All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.    All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.    All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams          :
376 Madison Street, Apt 5F                    :          CIVIL ACTION
New York, NY 10002                            :

     vs.                                       :

Don Vito                                      :
100 S. Washington Avenue                      :
Scranton, PA 18503                            :          NO.   20-cv-3029

### CERTIFICATE OF SERVICE

     SHELLEY L. CENTINI, ESQ., hereby certifies that on October 7, 2020, she

served a true and correct copy of a Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 via First Class, United States Mail, on the

following:

     Lackawanna County 911
     200 Adams Avenue
     Scranton, PA 18503

DATE: _____10/7/20_____

_____Shelley L. Centini, Esq._____
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams
376 Madison Street, Apt 5F
New York, NY 10002                          CIVIL ACTION

    vs.

Don Vito
100 S. Washington Avenue
Scranton, PA 18503                     :        NO.  20-cv-3029

## CERTIFICATE OF SERVICE

    SHELLEY L. CENTINI, ESQ., hereby certifies that on October 7, 2020, she

served a true and correct copy of a Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 via First Class, United States Mail, on the

following:

        Pennsylvania State Police
        Subpoena Processing Unit
        Bureau of Records and Identification
        1800 Elmerton Avenue
        Harrisburg, PA 17110

DATE: _____10/7/20_____            _____
                        Shelley L. Centini, Esq.
                        DYLLER LAW FIRM
                        88 North Franklin Street
                        Wilkes-Barre, PA  18701
                        (570) 829-4860
                        Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
LACKAWANNA COUNTY

Gaynell Williams, Administrator of the                    :
Estate of Geoffrey Pernell Williams     2020 OCT -9  A: 9: 14
376 Madison Street, Apt 5F              CLERKS OF JUDICIAL          CIVIL ACTION
New York, NY 10002                      RECORDS CIVIL DIVISION

                                                          :
        vs.                                               :
                                                          :
Don Vito                                                  :
100 S. Washington Avenue
Scranton, PA 18503                          :             NO.  20-cv-3029

### CERTIFICATE OF SERVICE

        SHELLEY L. CENTINI, ESQ., hereby certifies that on October 7, 2020, she

served a true and correct copy of a Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 via First Class, United States Mail, on the

following:

        Scranton Police Department
        100 South Washington Ave
        Scranton, PA 18503


DATE:  __10|7|20_____                    _____
                                              Shelley L. Centini, Esq.
                                              DYLLER LAW FIRM
                                              88 North Franklin Street
                                              Wilkes-Barre, PA 18701
                                              (570) 829-4860
                                              Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

MAURI B. KELLY
LACKAWANNA COUNTY

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams
376 Madison Street, Apt 5F
New York, NY 10002

2020 OCT 29  A 9: 14

CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

CIVIL ACTION

vs.

Don Vito
100 S. Washington Avenue
Scranton, PA 18503

NO.   20-cv-3029

## CERTIFICATE OF SERVICE

SHELLEY L. CENTINI, ESQ., hereby certifies that on October 7, 2020, she

served a true and correct copy of a Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 via First Class, United States Mail, on the

following:

Pennsylvania Probation and Parole – Scranton
430 Penn Avenue
Scranton, PA 18503

DATE: _____10|7|20_____

_____Centini_____
Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams
376 Madison Street, Apt 5F
New York, NY 10002

MAURI B. KELLY
LACKAWANNA COUNTY

2020 OCT -9   A CIVIL ACTION

CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

    vs.

Don Vito
100 S. Washington Avenue
Scranton, PA 18503                          NO.   20-cv-3029

## CERTIFICATE OF SERVICE

SHELLEY L. CENTINI, ESQ., hereby certifies that on October 7, 2020, she

served a true and correct copy of a Subpoena to Produce Documents or Things for

Discovery Pursuant to Rule 4009.22 via First Class, United States Mail, on the

following:

        Lackawanna County District Attorney's Office
        415 Spruce Street
        Scranton, PA 18503

DATE:  10 | 7 | 20

Shelley L. Centini, Esq.
DYLLER LAW FIRM
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiff

**IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA**

MAURI B. KELLY,
LACKAWANNA COUNTY

2020 OCT -9 P 2: 33

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

GAYNELL WILLIAMS, ADMINISTRATOR : 
OF THE ESTATE OF GEOFFREY PERNELL :
WILLIAMS 376 MADISON STREET, APT 5F :
NEW YORK, NY 10002 :          CIVIL ACTION NO.
     Plaintiff, :                         2020-03029
 :
 :
          v. :
 :
 :
 :
 :
DON VITO :
100 S. WASHINGTON AVENUE :
SCRANTON, PA 18503 :
     Defendants.

**ENTRY OF APPEARANCE**

Please enter the appearance of Frank J. Lavery, Jr., Esquire and Stephen B. Edwards,

Esquire., on behalf of Defendant Don Vito in regards to the above-referenced matter.

Respectfully submitted,
Lavery Law

By: /S/Frank J. Lavery, Jr.
Frank J. Lavery, Jr., Esquire
Attorney No. 42370
225 Market Street, Suite 304
P.O. Box 1245
DATE: October 7, 2020          Harrisburg, PA 17108-1245
(717) 233-6633 (Telephone)
(717) 233-7003 (Facsimile)
flavery@laverylaw.com
Attorney for Defendant Don Vito

By: /S/Stephen B. Edwards
Stephen B. Edwards, Esquire
Attorney No. 326453
225 Market Street, Suite 304
P.O. Box 1245
DATE: October 7, 2020
Harrisburg, PA 17108-1245
(717) 233-6633 (Telephone)
(717) 233-7003 (Facsimile)
sedwards@laverylaw.com
Attorney for Defendants Don Vito

*MAURI B. KELLY*
*LACKAWANNA COUNTY*
*2020 OCT -9 P 2: 33*
*CLERK OF JUDICIAL*
*RECORDS CIVIL DIVISION*

## CERTIFICATE OF SERVICE

I, Jessica J. Ortiz, an employee with the law firm of Lavery Law, do hereby certify that

on this __7th__ __ day of October, 2020, I served a true and correct copy of the foregoing Entry of

Appearance, via U.S. First Class mail, postage prepaid, addressed as follows:

Shelley L. Centini, Esq
88 North Franklin Street
Wilkesk-Barre, PA 18701

/s/Jessica J. Ortiz
Jessica J. Ortiz, Legal Assistant

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA

GAYNELL WILLIAMS, ADMINISTRATOR       :
OF THE ESTATE OF GEOFFREY PERNELL     :
WILLIAMS 376 MADISON STREET, APT 5F   :
NEW YORK, NY 10002                    :      CIVIL ACTION NO.
    Plaintiff,                        :      2020-03029
                                      :
                                      :
        v.                        :
                                      :
                                      :
                                      :
DON VITO                              :
100 S. WASHINGTON AVENUE              :
SCRANTON, PA 18503                    :
    Defendants.                       :

## ENTRY OF APPEARANCE

    Please enter the appearance of Karl R. Hildabrand, Esquire., on behalf of Defendant Don

Vito in regards to the above-referenced matter.


                                    Respectfully submitted,
                                      Lavery Law

                                    By: _____
                                    Karl R. Hildabrand, Esquire
                                    Attorney No. 42370   30102
                                    225 Market Street, Suite 304
                                    P.O. Box 1245
DATE: 10/9/2020                  Harrisburg, PA 17108-1245
                                    (717) 233-6633 (Telephone)
                                    (717) 233-7003 (Facsimile)
                                    flavery@laverylaw.com
                                    Attorney for Defendant Don Vito


SCANNED
BK

## CERTIFICATE OF SERVICE

I, Jessica J. Ortiz, an employee with the law firm of Lavery Law, do hereby certify that on this __9th__ day of October, 2020, I served a true and correct copy of the foregoing Entry of Appearance, via U.S. First Class mail, postage prepaid, addressed as follows:

Shelley L. Centini, Esq
88 North Franklin Street
Wilkesk-Barre, PA 18701

_/s/Jessica J. Ortiz_____
Jessica J. Ortiz, Legal Assistant

Karl R. Hildabrand, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
khildabrand@laverylaw.com
Attorney for Defendant Don Vito

MAURI B. KELLY
LACKAWANNA COUNTY

2020 OCT 27  P 12: 33

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

| | |
|---|---|
| GAYNELL WILLIAMS, | : IN THE COURT OF COMMON PLEAS |
| ADMINISTRATOR OF THE ESTATE | : OF LACKAWANNA COUNTY, PENNSYLVANIA |
| OF GEOFFREY PERNELL | : |
| WILLIAMS, | : NO.  2020-03029 |
| Plaintiff | : |
| v. | : CIVIL ACTION - LAW |
| DON VITO, | : |
| Defendant | : |

## PRAECIPE FOR RULE TO FILE COMPLAINT

**TO THE PROTHONOTARY:**

Kindly enter Rule upon Plaintiff Gaynell Williams, Administrator of the Estate of

Geoffrey Pernell Williams, to file a Complaint in the above matter within twenty (20) days of

service or suffer judgment non pros.

Respectfully Submitted,

**LAVERY LAW**

Date: October 21, 2020        By: _____
Karl R. Hildabrand, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attorney ID. 30102
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
khildabrand@laverylaw.com
Attorney for Defendant Don Vito

Karl R. Hildabrand, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
khildabrand@laverylaw.com
Attorney for Defendant Don Vito

---

| | |
|---|---|
| GAYNELL WILLIAMS, | : IN THE COURT OF COMMON PLEAS |
| ADMINISTRATOR OF THE ESTATE | : OF LACKAWANNA COUNTY, PENNSYLVANIA |
| OF GEOFFREY PERNELL | : |
| WILLIAMS, | : NO. 2020-03029 |
|         Plaintiff | : |
|     v. | : CIVIL ACTION - LAW |
| DON VITO, | : |
|         Defendant | : |

---

### RULE TO FILE COMPLAINT

To:    **Gaynell Williams, Administrator of the Estate
       of Geoffrey Pernell Williams, Plaintiff
       c/o Shelley L. Centini, Esquire
       Dyller Law Firm
       Gettysburg House
       88 North Franklin Street
       Wilkes-Barre, PA 18701
       *Attorney for Plaintiff***


      You are hereby directed to file a Complaint in the above matter within twenty (20) days

of service or non-pros will be entered against you.


                            *Mann B. Kelly*

OCT 2 7 2020

                            Prothonotary

Date: _____

## CERTIFICATE OF SERVICE

I, Karl R. Hildabrand, Esquire, with the law firm of Lavery Law, do hereby certify that

on this 21st day of October, 2020, I served a true and correct copy of the foregoing Praecipe for

Rule to File Complaint, via U.S. First Class mail, postage prepaid, addressed as follows:

Shelley L. Centini, Esquire
Dyller Law Firm
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
*Counsel for Plaintiff*

Karl R. Hildabrand, Esquire

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access
Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information
and documents differently than non-confidential information and documents.

Submitted by: Karl R. Hildabrand, Esquire

Signature: 

Name:  Karl R. Hildabrand, Esquire

Attorney No. (if applicable):  30102

MAURI B. KELLY
LACKAWANNA COUNTY

**IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA**

2020 OCT 30  A 9: 08

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

GAYNELL WILLIAMS, ADMINISTRATOR   :
OF THE ESTATE OF GEOFFREY PERNELL  :
WILLIAMS 376 MADISON STREET, APT 5F :
NEW YORK, NY 10002                 :    CIVIL ACTION NO.
    Plaintiff,                     :    2020-03029
                           :
        v.                     :
                           :
                           :
                           :
DON VITO                           :
100 S. WASHINGTON AVENUE           :
SCRANTON, PA 18503                 :
    Defendants.                    :

## WITHDRAWAL OF APPEARANCE

       Please withdraw the appearance of Frank J. Lavery, Jr., Esquire, on behalf of Defendant

Don Vito in regards to the above-referenced matter.

                        Respectfully submitted,

                        Lavery Law

                    By:  /s/Frank J. Lavery, Jr.
                      Frank J. Lavery, Jr., Esquire
                      Attorney No. 42370
                      225 Market Street, Suite 304
                      P.O. Box 1245
DATE: October 19, 2020           Harrisburg, PA 17108-1245
                      (717) 233-6633 (Telephone)
                      (717) 233-7003 (Facsimile)
                      flavery@laverylaw.com
                      Attorney for Defendant Don Vito

MAURI B. KELLY
LACKAWANNA COUNTY

2020 OCT 30  A 9: 08

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

## CERTIFICATE OF SERVICE

I, Jennifer Tsotakos, an employee with the law firm of Lavery Law, do hereby certify that

on this 19th day of October, 2020, I served a true and correct copy of the foregoing Withdrawal

of Appearance, via U.S. First Class mail, postage prepaid, addressed as follows:


Shelley L. Centini, Esquire
Dyller Law Firm
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701




/s/ Jennifer Tsotakos
Jennifer Tsotakos, Legal Assistant

MAURI B. KELLY
LACKAWANNA COUNTY

### CERTIFICATE OF COMPLIANCE

2020 OCT 30  A 9: 09

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

I certify that this filing complies with the provisions of the *Case Records Public Access*

*Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information

and documents differently than non-confidential information and documents.

Submitted by:  Karl R. Hildabrand, Esquire

Signature: _____

Name:  Karl R. Hildabrand, Esquire

Attorney No. (if applicable):  30102

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams
376 Madison Street, Apt 5F
New York, NY 10002

        vs.

Don Vito
100 S. Washington Avenue
Scranton, PA 18503

        :
        :     CIVIL ACTION
        :
        :
        :
        :
        :
        :     NO.   20-cv-3029

*[Stamped: MAURI B. KELLY, LACKAWANNA COUNTY, 2021 JAN -5 A 11: 06, CLERK OF JUDICIAL RECORDS CIVIL DIVISION]*

## CERTIFICATE OF SERVICE

    SHELLEY L. CENTINI, ESQ., hereby certifies that on December 30, 2020, she

served a true and correct copy of Plaintiff's Motion to Compel Production of Documents

by a Non-Party via First Class, United States Mail, on the following:

> Karl R. Hildabrand, Esquire
> c/o Lavery Law
> 225 Market Street, Ste 304
> PO Box 1245
> Harrisburg, PA 17108-1245

DATE: _12·30·2020_

                                       *Shelley L. Centini*
                                       Shelley L. Centini, Esq.
                                       DYLLER LAW FIRM
                                       88 North Franklin Street
                                       Wilkes-Barre, PA  18701
                                       (570) 829-4860
                                       Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
LACKAWANNA COUNTY

Gaynell Williams, Administrator of the
Estate of Geoffrey Pernell Williams    A II: 06
376 Madison Street, Apt 5F                                          CIVIL ACTION
New York, NY 10002    CLERK OF JUDICIAL
                      RECORDS CIVIL DIVISION

    vs.

Don Vito
100 S. Washington Avenue                                           NO.   20-cv-3029
Scranton, PA 18503

## PLAINTIFF'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS BY A NON-PARTY

    Plaintiff Gaynell Williams, Administrator of the Estate of Geoffrey Pernell

Williams, by and through her attorneys, Shelley L. Centini, Esquire, Barry H. Dyller,

Esquire and the Dyller Law Firm hereby moves this Court to compel production of

medical records in the care of Geisinger Wyoming Valley Medical Center and Geisinger

Community Medical Center, non-parties, and in support thereof avers as follows:

    1.    On or about August 6, 2020 plaintiff initiated suit against defendant by

filing a Writ of Summons.

    2.    Plaintiff, Gaynell Williams is the parent and natural guardian of Geoffrey

Pernell Williams, deceased.

    3.    Because this suit involves the death of Geoffrey Pernell Williams, plaintiff's

counsel requested medical records from Geisinger Wyoming Valley Medical Center on

or about October 28, 2020. *See Request,* as attached hereto as "Exhibit 1."

    4.    On or about December 10, 2020, plaintiff's counsel received a

Confirmation of Medical Record Request Received. *See Confirmation,* attached hereto

as "Exhibit 2."

5.      Shortly thereafter, on or about December 15, 2020, plaintiff's counsel received an invoice in the amount of $3,898.85 in order to retrieve said medical records of the deceased Plaintiff. *See First Bill*, attached hereto as "Exhibit 3."

6.      Shortly after the December 10, 2020 bill for medical records was received, plaintiff's counsel made contact with the facility asking that these records be placed on a CD and not printed, the representative of which, stated she would put the records on a disc and resubmit a new bill.

7.      On or about December 15, 2020, plaintiff's counsel received an amended bill in the amount of $3,763.41, wherein only the postage fee was adjusted. *See Second Bill*, attached hereto as "Exhibit 4."

8.      Charging the mother of her deceased son $3,763.41 for medical records, which could simply be produced electronically or on a disc, is excessive and unreasonable.

9.      Despite plaintiff's counsel's best efforts, Plaintiff's counsel has not been able to get an amicable price for electronic medical records, as we are not asking that they use any paper or ink to produce these records. It appears that Verisma, agent of Geisinger Wyoming Valley, simply will not produce these records without full payment of $3,763.41 by the administrator of the estate. Such a bill does not reflect any cost involved in producing the records in electronic form. Instead, it is simply a profit-making scheme, unrelated to costs or any appropriate measure. Because the records belong to plaintiff's decedent, and now to Plaintiff, Verisma's refusal to turn them over without paying an exorbitant fee constitutes conversion (i.e., at the cost of a disc and postage).

2

10.    Therefore, plaintiff's counsel is left with no choice but to seek the Court's intervention in this matter.

WHEREFORE, plaintiff respectfully requests this Court issue an Order compelling the production of the medical records at issue in this matter without an excessive cost to the administrator in this case.

Respectfully submitted,

DYLLER LAW FIRM

SHELLEY L. CENTINI, ESQ.
BARRY H. DYLLER, ESQ.
Attorneys for Plaintiff
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

3

BARRY H. DYLLER, ESQ.
·Also admitted in New York
barry.dyller@dyllerlawfirm.com

SHELLEY L. CENTINI, ESQ.
centini.s@dyllerlawfirm.com

THERON J. SOLOMON, ESQ.
theron.solomon@dyllerlawfirm.com

**DYLLER LAW FIRM**
GETTYSBURG HOUSE
88 NORTH FRANKLIN STREET
WILKES-BARRE, PA 18701

Telephone: (570) 829-4860
Facsimile: (570) 825-6675
www.dyllerlawfirm.com

October 28, 2020

Geisinger Wyoming Valley Medical Center
Attn:  Release of Information
1000 East Mountain Blvd
Wilkes-Barre, PA 18711

|  |  |
|---|---|
| **Our Client:** | **Gaynell Williams, Administratrix of the Estate of Geoffrey Pernell Williams, deceased** |
| **Patient:** | **Geoffrey Pernell Williams** |
| **Date of Birth:** | **07/05/1991** |
| **Date of Service:** | **September 20, 2019 to present** |

Dear Sir or Madam:

Our firm represents Gaynell Williams, as Administratrix of the Estate of Geoffrey Pernell Williams.  It is our understanding that Geisinger Wyoming Valley Medical Center treated Mr. Williams.

I am writing to request Geisinger Wyoming Valley Medical Center's entire file relating to Mr. Williams' treatment from September 20, 2019 through present, including but not limited to any treatment notes, test results, imaging study reports, copies of any imaging films, CT and or CAT scan records and reports, MRI reports and studies, diagnostic testing records, EMG records and reports, EKG records and reports, laboratory reports and hospitalization records.  In other words, we are requesting Mr. Williams' **entire medical file.**

In an attempt to save Ms. Williams on costs, I am requesting that you forward Mr. Williams' records on a disc and not a paper copy.  I am enclosing an authorization signed by Ms. Williams as Administratrix of the Estate of Geoffrey Pernell Williams allowing us to obtain the requested records.  I am also enclosing a copy of the Short Certificate.

"Exhibit 1"

If you have any questions, please do not hesitate to contact me.

Sincerely,

Shelley L. Centini, Esq.

SLC/cg
enclosures

# AUTHORIZATION TO
# RELEASE
## MEDICAL INFORMATION
### - PATIENT ACCESS FEE MAY APPLY -

Patient Name: Geoffrey Pernell Williams,
Address: _____ deceased
Address: _____
Birthdate: 07/05/1991
Medical Record No.: _____
Invoice Number: _____

**All provider entities of the Geisinger Health System Foundation** (which is not a provider entity) including Geisinger Medical Center (all campuses), Geisinger Wyoming Valley Medical Center (all campuses), Geisinger Clinic (all sites), Geisinger-Community Medical Center (all campuses), Geisinger-Bloomsburg Hospital, Geisinger-Lewistown Hospital, Holy Spirit Hospital (all campuses), Holy Spirit Medical Group (all sites) Geisinger Jersey Shore Hospital, **and all other provider entities but excluding** Marworth, Geisinger Medical Management Corporation and Geisinger Community Health Services.

I authorize an appropriate workforce member of the above entity(ies) to release information from my medical record to:

Dyller Law Firm                                     570-829-4860
(Name of hospital, company or person to whom the information will be released)          (Telephone Number)

88 N. Franklin Street, Wilkes-Barre PA  18701
(Address of receiving party)

**for the purpose of:** ☐ continuation of medical treatment ☐ payment of bill ☐ Worker's Compensation ☐ education ☑ legal purposes ☐ Insurance purposes ☐ at the request of the patient or the patient's legal representative for personal access or other (specify):

**The Information to be released will cover the time period from** 9/20/19 **to** present
(*present* equals date of signature)

### SPECIFIC INFORMATION TO RELEASE:

| | | | |
|---|---|---|---|
| ☐ Clinic Notes | ☐ Discharge Summary | ☐ History & Physical | ☐ Medications | ☐ X-Ray Reports |
| ☐ Colonoscopy | ☐ EEG, EKG, Stress Test | ☐ Immunizations | ☐ Operation Report(s) | |
| ☐ Consultation Report(s) | ☐ Emergency Dept. Notes | ☐ Itemized Bills | ☐ Pathology Reports | |
| ☐ Disability/FMLA Form | ☐ Endoscopy | ☐ Laboratory Reports | ☐ X-Ray Films | |

☑ Other (specify) Complete copy of file beginning 9-20-19 to present
☑ Other (specify)

I understand that in order to process this request for the reproduction of medical record information on a timely basis, the above entity(ies) may utilize a contracted medical record copy service, and I further authorize the release of my medical record information to such record service for this purpose. I understand that this authorization is revocable by me, in writing, at any time, except to the extent that action has been taken in reliance on it. I will contact the above entity(ies) immediately if I wish to revoke this authorization. As described in the Notice of Privacy Practices for the above entity(ies), I may request such Notice of Privacy Practices for my ease of reference. I also understand that this consent will expire six months after the date of signature or automatically when the records requested on this authorization have been released (which ever occurs first). I understand that the information released may be re-released by the recipient and may no longer be protected by HIPAA (Federal regulations). The above entity(ies) may not condition my treatment or payment for my treatment on obtaining this authorization from me, unless this authorization is requested (i) to provide research-related treatment to me, or (ii) because the health care being provided to me is solely for the purpose of creating protected health information for disclosure to a third party.

### SPECIAL AUTHORIZATION (if applicable)

Patient Parent/ If you are authorizing the above entity(ies) to release information related to the testing, diagnosis and/or
Initials Guardian treatment for any of the following conditions, please sign your initials in front of the section which
Initials describes the type of information to be released.

_____  _____  My evaluation, testing, diagnosis or treatment for alcoholism and/or drug abuse or dependence may be released
(initials)  (initials)  to the recipient noted on the signed authorization.

_____  _____  My evaluation, testing, diagnosis or treatment concerning my mental health/rehabilitation information may be released
(initials)  (initials)  to the recipient noted on the signed authorization.

_____  _____  My testing, diagnosis or treatment for HIV/AIDS may be released to the recipient noted on this signed authorization.
(initials)  (initials)

## AUTHORIZATION SIGNATURES

NOTE: IF PATIENT IS UNDER 14 YEARS OF AGE AND IS NOT AN EMANCIPATED MINOR THE PARENT OR GUARDIAN MUST SIGN.

Date/Time: _____  Patient Signature: _____

Date/Time: _____  Witness Signature: _____

If patient is unable to sign authorization form because of physical condition or age, complete the following:
Patient is a minor or patient is unable to sign authorization because: _____

Date/Time: 11/20/2020 Signature: _____     Relationship: Administrator of
(Parent/legal or personal representative)                                    Estate of Geoffrey
                                                                              P. Williams
Date/Time: _____  Witness Signature: _____

*******COPY OF COMPLETED AUTHORIZATION FORM MUST BE GIVEN TO PATIENT*******

#A-560-008-DMR  Rev./App. MRPC: 5/18    Stores item # 1091280

**STATE OF PENNSYLVANIA**
**COUNTY OF LACKAWANNA**

**SHORT CERTIFICATE**



I,   *FRANCES KOVALESKI*

*Register* for the Probate Of Wills and Granting
Letters of Administration &c. *in and for*
LACKAWANNA County, do hereby certify that on
the 24th day of July, Two Thousand and Twenty,
Letters of ADMINISTRATION
in common form were granted by the Register of
said County, on the

estate of *WILLIAMS GEOFFREY PERNELL*      , late of *SCRANTON*
          (Last, First, Middle)

in said county, deceased, to *WILLIAMS GAYNELL*
                            (Last, First, Middle)

and that same has not since been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the
seal of said office at LCGC at the Globe 123 Wyoming Ave Suite 521,Scranton PA
this 24th day of July Two Thousand and Twenty.

File No.      *35- 20- 00701*
Date of Death   *10/05/2019*
S.S. #        ████████

*Frances Kovaleski*
Register Of Wills

PO Box 35
Pueblo, CO 81002

866-390-7404 (Toll Free)
719-542-2564 (FAX)
www.verisma.com



DYLLER LAW FIRM

Gettysburg House
88 North Franklin Street

Wilkes Barre, PA 18701

Date:            12/10/2020

Invoice #:       6355-180232

Password/Access
Code:

## MEDICAL RECORD REQUEST RECEIVED
**Please disregard this notification if you have already received the requested records.**

Patient Name:        Williams, Geoffrey

Case #:

Medical Provider:    Geisinger-GWV
                     1000 East Mountain Blvd Wilkes Barre PA 18765

Dear Medical Records Requestor:

The request for medical records noted above has been received and is in process.

Verisma Systems, Inc. provides Release of Information (ROI) services for the medical provider noted above and its patients. Medical records that meet all HIPAA and state requirements are usually available for distribution within three business days after completion.

The following steps occur once the ROI process is complete:

1. The medical records requestor is notified of any missing or incomplete items when the request does not meet all HIPAA and state requirements.

2. Medical records are distributed by download in a standard PDF format using our secure electronic delivery service, or in paper hard copy form after all compliance and payment requirements have been met.

3. Delivery options (please retain this letter for future password use):

    1. Use the *Access Code* provided below to track this request at https://track.recordjacket.com/Infotrak/TrackARequest.aspx and, for applicable transactions, pay for and download a PDF file to your computer.

    2. Records are available in paper hard copy.

    3. By providing your email address, we can send a link so you are able to download the records.

*Password/Access Code for CD and Tracking:* **nqtJdDMY**

Please contact our Customer Service Team with questions:

Telephone:  **866-390-7404**

E-mail:     **customerservice@verisma.com**

STATEMENT OF CONFIDENTIALITY

THIS INFORMATION IS INTENDED FOR THE EXCLUSIVE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY RETENTION, COPYING, DISSEMINATION, OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF THIS WAS SENT IN ERROR, PLEASE NOTIFY Verisma Systems, Inc., AT 866-390-7404 AND DESTROY THIS COMMUNICATION AND ANY ATTACHMENTS.

*Exhibit "2"*

PO Box 35
Pueblo, CO 81002

866-390-7404 (Toll Free)
719-542-2564 (FAX)
www.verisma.com

 verisma®

DYLLER LAW FIRM

Gettysburg House
88 North Franklin Street
Wilkes Barre, PA 18701

Date:            12/10/2020

Invoice #:       6355-180232

Access Code:     

## MEDICAL RECORDS READY FOR PAYMENT AND DISTRIBUTION

Patient Name:      Williams, Geoffrey

Case #:

Medical Provider:  Geisinger-GWV
                   1000 East Mountain Blvd, Wilkes Barre, PA 18765

AMOUNT DUE: $3,898.85

Dear Medical Records Requestor:

Verisma Systems, Inc. provides Release of Information services for the medical provider noted above and its patients.
Verisma® has developed secure technology to facilitate online payment to expedite delivery of requested records

### Records for the above referenced request are ready for online payment.
### Immediate download is available for qualifying transactions.
Please go to https://track.recordjacket.com/Infotrak/TrackARequest.aspx and enter access
code **nqtJdDMY**.

### Save on shipping charges by paying online and downloading these medical records

Step 1 - Enter the unique access code for this request.

Step 2 - Review and print the invoice for your records.

Step 3 - Pay for your records online using Visa, MasterCard, or American Express.

Step 4 - Download and save the PDF file of the requested records to your computer.

If you choose to have the records shipped on paper, applicable shipping costs will apply.

ACCESS CODE: 

To pay by check, please send payment to Verisma Systems, Inc. PO Box 35 Pueblo, CO 81002.
**(Please note Invoice number 6355-180232 on the check.)**

If you are unable to access our Web site, have special shipping instructions or other questions, please contact Customer Service at:

Customer Service:
**866-390-7404**

### STATEMENT OF CONFIDENTIALITY

THIS INFORMATION IS INTENDED FOR THE EXCLUSIVE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION. IF YOU ARE NOT
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY RETENTION, COPYING, DISSEMINATION, OR USE OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF THIS WAS SENT IN ERROR, PLEASE NOTIFY Verisma Systems, Inc., AT 866-390-7404 AND DESTROY THIS COMMUNICATION AND ANY ATTACHMENTS.

Exhibit "3"



verisma

Invoice
Verisma Systems, Inc.
PO Box 35
Pueblo, CO 81002

DYLLER LAW FIRM
Gettysburg House
88 North Franklin Street
Wilkes Barre, PA 18701

| | |
|---|---|
| Date | 12/10/2020 |
| Invoice # | 6355-180232 |
| Due Date | 12/25/2020 |
| Facility | Geisinger-GWV |

# Invoice for Medical Record Request

## Information from Geisinger-GWV
1000 East Mountain Blvd, Wilkes Barre, PA 18765

| Item | Qty | Description | Amount |
|---|---|---|---|
| | | Patient Name: Geoffrey Williams    Txn#180232 | |
| Paper/EMR copies | 9192 | | 23.45 |
| Paper/EMR copies | 9192 | PA Base Pgs 1-60 | 78.40 |
| Paper/EMR copies | 9192 | PA Per Page Fee (pgs 61+) | 3,652.80 |
| Postage | 1 | Postage - 9198 pages | 144.20 |

You Owe: **9,898.85**

### Payment Options

verisma

**Pay by Credit Card Or Check**

Make checks payable to:

Verisma Systems
P.O. Box 35
Pueblo, CO 81002

To pay by credit card call:

**1.866.390.7404**

**Pay online and download records immediately!**
Go to https://track.recordjacket.com/InfoTrak/TrackARequest.aspx and enter access
code nqtUDbMY

| | | |
|---|---|---|
| **Phone#** | **E-mail** | **DUNS Number** |
| 866-390-7404 | customerservice@verisma.com | 830756610 |
| **Fax#** | **Federal Tax ID Number** | |
| 718-542-2564 | 03-0438772 | |

PO Box 35
Pueblo, CO 81002

866-390-7404 (Toll Free)
719-542-2564 (FAX)
www.verisma.com

 verisma

DYLLER LAW FIRM

Gettysburg House
88 North Franklin Street
Wilkes Barre, PA 18701

Date:         12/15/2020

Invoice #:    6355-180232

Access Code:  

## MEDICAL RECORDS READY FOR PAYMENT AND DISTRIBUTION

Patient Name:     Williams, Geoffrey                    | AMOUNT DUE: $3,763.41 |

Case #:

Medical Provider:   Geisinger-GWV
                    1000 East Mountain Blvd, Wilkes Barre, PA 18765

Dear Medical Records Requestor:
Verisma Systems, Inc. provides Release of Information services for the medical provider noted above and its patients.
Verisma® has developed secure technology to facilitate online payment to expedite delivery of requested records

**Records for the above referenced request are ready for online payment.
Immediate download is available for qualifying transactions.**
Please go to https://track.recordjacket.com/infotrak/TrackARequest.aspx and enter access
code **nqtJdDMY**.
**Save on shipping charges by paying online and downloading these medical records**
Step 1 - Enter the unique access code for this request.
Step 2 - Review and print the invoice for your records.
Step 3 - Pay for your records online using Visa, MasterCard, or American Express.
Step 4 - Download and save the PDF file of the requested records to your computer.
If you choose to have the records shipped on paper, applicable shipping costs will apply.

| ACCESS CODE:  |

To pay by check, please send payment to Verisma Systems, Inc. PO Box 35 Pueblo, CO 81002.
**(Please note invoice number on the check.)**
If you are unable to access our Web site, have special shipping instructions or other questions, please contact Customer Service at:

Customer Service:
**866-390-7404**

STATEMENT OF CONFIDENTIALITY
THIS INFORMATION IS INTENDED FOR THE EXCLUSIVE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION. IF YOU ARE NOT
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY RETENTION, COPYING, DISSEMINATION, OR USE OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF THIS WAS SENT IN ERROR, PLEASE NOTIFY Verisma Systems, Inc., AT 866-390-7404 AND DESTROY THIS COMMUNICATION AND ANY ATTACHMENTS.

Exhibit "4"

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator     :
Of the Estate of Geoffrey Pernell
Williams,
       Plaintiff                  :         CIVIL ACTION—LAW

      V.

JIOVANNI DONVITO and CITY OF
SCRANTON,
       Defendants           :         No. 20-CV-3029

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Gaynell Williams, as Administrator of the Estate of Geoffrey

Pernell Williams, by her attorneys, Shelley L. Centini, Esq. and Barry H.

Dyller, Esq. and Dyller & Solomon, LLC, for her Complaint alleges as

follows:

### Jurisdiction and Venue

1.     This action arises out of violations of 42 U.S.C. § 1983 and the

      common law.  This Court has concurrent jurisdiction over actions

      arising under 42 U.S.C. § 1983.

2.     The events described below occurred in the City of Scranton,

      Lackawanna County, Pennsylvania.  Venue is therefore proper in the

      Lackawanna County Court of Common Pleas.

## The Parties

3.   As a result of the defendants' actions described below, Geoffrey

Pernell Williams ("Mr. Williams") is deceased.  On July 24, 2020, the

Register of Wills of Lackawanna County, Pennsylvania granted

Letters of Administration in the Estate of Geoffrey Pernell Williams to

his mother, Gaynell Williams ("Mrs. Williams").  Mrs. Williams brings

this action in her capacity as Administrator of the Estate of Geoffrey

Pernell Williams.

4.   Defendant Jiovanni DonVito ("DonVito") is and at all relevant times

was a police officer working for the City of Scranton Police

Department.

5.   Upon information and belief, defendant DonVito is a resident of the

Commonwealth of Pennsylvania.

6.   Defendant City of Scranton is a city in Lackawanna County,

Pennsylvania.

## Background

7.   On September 20, 2019, Mr. Williams was taken into custody for an

alleged probation/parole violation.

2

8.   Mr. Williams gave consent for probation/parole agents and police to search his residence at 550 Prescott Ave., Scranton for contraband.

9.   While the search of Mr. Williams' residence was concluding, DonVito arrived with a prisoner transport vehicle.

10.  Mr. Williams was handcuffed behind his back.

11.  DonVito escorted Mr. Williams out of the residence and led him toward the prisoner transport vehicle.

12.  As DonVito opened the door to the prisoner transport vehicle, Mr. Williams fled down a sidewalk on Prescott Avenue.

13.  The area of Prescott Avenue where Mr. Williams was running was not level.

14.  DonVito immediately shot Mr. Williams in the back with his taser.

15.  DonVito did not give any command to Mr. Williams to stop, nor did he warn Mr. Williams that he was going to shoot him from behind with the taser.

16.  DonVito did not use any lesser attempt at controlling Mr. Williams prior to using his taser.

17.  Mr. Williams, who was handcuffed behind his back and therefore unable to break his fall, became immediately incapacitated when shot with the taser and fell face first onto the sidewalk.

18. Mr. Williams suffered severe head trauma when he fell and immediately lost consciousness.

19. Mr. Williams received emergency medical attention. He was transported by ambulance to Geisinger CMC in Scranton.

20. Mr. Williams was then admitted to the hospital and was subsequently taken to Geisinger in Plains Township, Luzerne County where he had surgery but never regained consciousness following the surgery.

21. On October 5, 2019, Mr. Williams died.

22. Mr. Williams was 28 years old when he died.

23. Following autopsy, the cause of Mr. Williams' death was determined to be blunt head trauma secondary to fall (tasered).

24. It was unreasonable for DonVito to use a taser on Mr. Williams under these circumstances. There was no threat of serious bodily injury to DonVito, Mr. Williams, or others. DonVito could have done a multitude of other things to apprehend Mr. Williams instead of shooting Mr. Williams on an unstable surface, from behind, without warning, and while he was handcuffed and unable to break his fall.

25. DonVito knew or should have known that his conduct was likely to cause Mr. Williams serious bodily injury or death.

4

26. DonVito wrote a police report about this incident which stated that he shot Mr. Williams with a taser because Mr. Williams pushed his shoulder into DonVito and began to pull away from DonVito as he was opening the door to the transport van, causing DonVito to lose balance and lose his grip on his arm. Such statement was false. Mr. Williams did not push DonVito. DonVito made this statement in an attempt to cover up his illegal and unconstitutional use of force against Mr. Williams.

27. The City of Scranton chose not to appropriately train DonVito in the proper use of a taser.

28. The City of Scranton should have trained DonVito on the proper use of a taser, which includes but is not limited to:

    a. Taser use should be avoided when secondary injuries are likely;

    b. The loss of physical control resulting from using a taser on a person may result in injuries due to a fall or other uncontrolled movement;

    c. Taser use should be avoided on a person who is on an elevated or unstable surface, who could fall and suffer impact injury to the head or other area, who is less able to catch or

protect himself in a fall because he is restrained or handcuffed, or who is running, in motion, or moving under momentum;

d. A warning should be given to a subject prior to activating a taser;

e. Tasers should only be used against subjects who are exhibiting active aggression or who are actively resisting in a manner that is likely to result in injuries to themselves or others;

f. Fleeing should not be the sole justification for using a taser against a subject. An officer should consider the severity of the offense, the subject's threat level to others, and the risk of serious injury to the subject before deciding to use a taser on a fleeing subject; and

g. Tasers should not be used on a handcuffed subject unless doing so is necessary to prevent him from causing serious bodily harm to themselves or others and if lesser attempts of control have been ineffective.

29. Upon information and belief, the City of Scranton's policy or custom was to provide tasers to its officers, but not to appropriately train the officers and not to create, implement, or enforce appropriate policies

6

such that officers may not use a taser on a handcuffed person or person unable to break his fall.

## Count One
## 42 U.S.C. § 1983
## Williams v. DonVito

30. Plaintiff repeats and realleges each and every allegation contained in all prior paragraphs as if fully repeated herein.

31. Defendant DonVito's conduct against Mr. Williams, including his use of unreasonable force to seize Mr. Williams, constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution. In addition, such conduct constituted a deprivation of Mr. Williams' due process rights under the Fourteenth Amendment to the United States Constitution.

32. Defendant DonVito's conduct was therefore a deprivation, under color of state law, of rights guaranteed to Mr. Williams under the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a result of defendant DonVito's violations of Mr. Williams' Constitutional rights, Mr. Williams was mortally injured, killed, and suffered all damages associated with such an unnatural and premature death.

## Count Two
## 42 U.S.C. § 1983
## Williams v. City of Scranton

34.  Plaintiff repeats and realleges each and every allegation contained in all prior paragraphs as if fully repeated herein.

35.  The City of Scranton failed to appropriately train DonVito on using a taser, as is more fully described above.

36.  The City of Scranton's failure to train DonVito amounts to deliberate indifference to the rights of persons with whom DonVito comes in contact.

37.  Such failure to train is thus a policy or custom of the City of Scranton.

38.  The City of Scranton's policy or custom directly caused the constitutional deprivations described above.

39.  As a result of the City of Scranton's failure to train and illegal policy and custom, Mr. Williams suffered all damages associated with such an unnatural and premature death.

## Count Three
## Assault
## Williams v. DonVito

40.  Plaintiff repeats and realleges each and every allegation contained in all prior paragraphs as if fully repeated herein.

41.   DonVito intended to put Mr. Williams in reasonable and immediate apprehension of a harmful or offensive contact with his body.

42.   As a result of DonVito's actions, Mr. Williams was put in reasonable and immediate apprehension of harmful and/or offensive contact.

43.   As a result of DonVito's actions, Mr. Williams suffered damages.

### Count Four
### Battery
### Williams v. DonVito

44.   Plaintiff repeats and realleges each and every allegation contained in all prior paragraphs as if fully repeated herein.

45.   DonVito contacted Mr. Williams in a harmful and offensive manner resulting in injury and/or damages to Mr. Williams

46.   DonVito committed acts upon Mr. Williams which impinged on his sense of physical dignity and/or inviolability.

47.   As a result of DonVito's actions, Mr. Williams suffered damages.

WHEREFORE, Plaintiff demands judgment as follows:

A.   Compensatory damages in an amount to be determined at trial as to all defendants;

B.   Punitive damages as against defendant DonVito, plus interest;

C.   For plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988;

D.   For the costs and disbursements incurred in this action; and

9

E.    Any such other relief as the Court may deem just and proper.

Respectfully Submitted:

S/ Shelley L. Centini, Esq.
S/ Barry H. Dyller, Esq.
Dyller & Solomon, LLC
Attorneys for Plaintiff
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

## Jury Demand

Plaintiff demands a trial by jury on all issues.

## IN THE COURT OF COMMON PLEAS
## OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator :
Of the Estate of Geoffrey Pernell :
Williams, :
     Plaintiff :          CIVIL ACTION—LAW

    V. :

JIOVANNI DONVITO and CITY OF :     **JURY TRIAL DEMANDED**
SCRANTON, :
     Defendants :     No. 20-CV-3029

## **VERIFICATION**

    I, GAYNELL WILLIAMS, hereby depose and say that the facts

contained in the foregoing Complaint are true and correct to the best of my

knowledge, information and belief and made subject to the penalties of 18

Pa.C.S. Section 4904 relating to unsworn falsifications to authorities.


                                    Gaynell Williams


Dated: 1·5·21

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator          :
Of the Estate of Geoffrey Pernell
Williams,
      Plaintiff                                :          CIVIL ACTION—LAW

    V.

                                   **JURY TRIAL DEMANDED**

JIOVANNI DONVITO and CITY OF
SCRANTON,
      Defendants                             :          No. 20-CV-3029

## <u>CERTIFICATE OF SERVICE</u>

SHELLEY L. CENTINI, ESQ., hereby certifies that on January 7th,

2021, she served a true and correct copy of Plaintiff's Complaint via First

Class, United States Mail, on the following:

> Karl R. Hildabrand, Esquire
> c/o Lavery Law
> 225 Market Street, Ste 304
> PO Box 1245
> Harrisburg, PA 17108-1245

DATE: 1/7/21 _____

                                  *Shelley L. Centini*
                                  Shelley L. Centini, Esq.
                                  DYLLER LAW FIRM
                                  88 North Franklin Street
                                  Wilkes-Barre, PA  18701
                                  (570) 829-4860
                                  Attorney for Plaintiff

MARI B. KELLY LACKAWANNA COUNTY
CLERK OF JUDICIAL RECORDS CIVIL DIVISION
2021 JAN -7 P 2: 43

## IN THE COURT OF COMMON PLEAS
## OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator        :
Of the Estate of Geoffrey Pernell
Williams,                              :
     Plaintiff                        :        **CIVIL ACTION-LAW**

    V.                                 :

                       :        **JURY TRIAL DEMANDED**

JIOVANNI DONVITO and CITY OF           :
SCRANTON,
    Defendants                        :        No. 20-CV-3029

MAURI B. KELLY
LACKAWANNA COUNTY

2021 JAN 14 A 9:09

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION,

## **VERIFICATION**

I, GAYNELL WILLIAMS, hereby depose and say that the facts

contained in the foregoing Complaint are true and correct to the best of my

knowledge, information and belief and made subject to the penalties of 18

Pa.C.S. Section 4904 relating to unsworn falsifications to authorities.


Gaynell Williams


Dated: 1·5·21

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator           :
Of the Estate of Geoffrey Pernell
Williams,
        Plaintiff                                         :          CIVIL ACTION—LAW

        V.                                                            **JURY TRIAL DEMANDED**

JIOVANNI DONVITO and CITY OF
SCRANTON,
        Defendants                                   :          No. 20-CV-3029

### CERTIFICATE OF SERVICE

I, SHELLEY L. CENTNI, ESQ., hereby certify that on this __14th__ day of

January, 2021, I served the following document(s) via regular mail to the

following at the address listed below:

    1.  Certificate Prerequisite to Service of a Subpoena Pursuant to Rule 4009.22.

        TO:   Karl R. Hildabrand, Esquire
               c/o Lavery Law
               225 Market Street, Ste 304
               PO Box 1245
               Harrisburg, PA 17108-1245

                                        Shelley L. Centini, Esq.
                                        Dyller & Solomon, LLC
                                        88 North Franklin Street
                                        Wilkes-Barre, PA  18701
                                        570-829-4860
                                        Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

MAURI B. KELLY
LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator of the
Estate of Geoffrey Pernell Williams,
Plaintiff

 :
 :
 :
 :

2021 JAN 20 P 2: 26

CIVIL ACTION - LAW JUDICIAL
RECORDS CIVIL DIVISION

**JURY TRIAL DEMANDED**

vs.

JIOVANNI DONVITO and CITY OF
SCRANTON,
Defendants

 :
 :
 :
 :
 :

NO.  20-cv-3029

## CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA
## PURSUANT TO RULE 4009.22

As a prerequisite to service of a subpoena for documents and things pursuant to

Rule 4009.22, Plaintiff, Gaynell Williams, by and through her attorneys Shelley L.

Centini, Esquire and Dyller & Solomon, LLC certify the following:

1. A Notice of Intent to Serve the Subpoena with a copy of the Subpoena

attached thereto was mailed or delivered to each party at least twenty (20) days prior to

the date on which the subpoena is sought to be served.

2. Copies of the Notice of Intent, including the proposed subpoenas, are

attached to this certificate.

3. No objection to the subpoenas has been received.

4. The subpoenas, which will be served are identical to the subpoenas that

are attached to the notice of intent to serve the subpoena.

Respectfully submitted,

Date: 1-14-2021

Shelley L. Centini, Esquire
Dyller & Solomon, LLC
88 North Franklin Street
Wilkes-Barre, PA 18701

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA

Gaynell Williams, Administrator of the          :
Estate of Geoffrey Pernell Williams             :
376 Madison Street, Apt 5F                      :          CIVIL ACTION
New York, NY 10002                              :
                                                :
        vs.                                     :
                                                :
Don Vito                                        :
100 S. Washington Avenue                        :          NO.   20-cv-3029
Scranton, PA 18503                              :

NOTICE OF INTENT TO SERVE A SUBPOENA
TO PRODUCE DOCUMENTS AND THINGS FOR
DISCOVERY PURSUANT TO RULE 4009.21

        Gaynell Williams, as Administrator of the Estate of Geoffrey P. Williams, by and

through her attorneys Shelley L. Centini, Esq., Barry H. Dyller, Esq., and the Dyller Law

Firm intend to serve a subpoena identical to the one that is attached to this notice. You

have twenty (20) days from the date listed below in which to file of record and serve

upon the undersigned an objection to the subpoena.  If no objection is made, the

subpoena may be served.

DATE: _12.21.2020_                              _Shelley L. Centini_
                                                Shelley L. Centini, Esq.
                                                DYLLER LAW FIRM
                                                88 North Franklin Street
                                                Wilkes-Barre, PA  18701
                                                (570) 829-4860
                                                Attorney for Plaintiffs

# COMMONWEALTH OF PENSYLVANIA
# COUNTY OF LACKAWANNA

Gaynell Williams, Administrator of
the Estate of Geoffrey P. Williams

Don Vito

VS

File No. __2020-03029 P__

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY
## PURSUANT TO RULE 4009.22

TO:  Colonel Robert Evanchick, Pennsylvania State Police Commissioner

(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Exhibit A attached to this subpoena

At  Dyller Law Firm, 88 N. Franklin Street, Wilkes-Barre, PA 18701

(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, or together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a Court Order compelling you to comply with it.

THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:

Name:  Shelley L. Centini, Esq.
Address:  88 N. Franklin Street
Wilkes-Barre, PA 18701
Telephone:  570-829-4860
Supreme Court I.D. #  85680
Attorney For:  Plaintiff

BY THE COURT:

_Mauri B. Kelly_

Mauri B. Kelly
Clerk of Judicial Records, Civil Division

DATE: _____

(Seal of the Court)

# EXHIBIT A
## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" or "documents" shall mean, but is not limited to, e-mails, text messages, audiotapes, videotapes, multimedia messages, websites, blogs, policies and all of their attachments, minutes of meetings, letters, telegrams, telexes, facsimiles, memoranda, reports, minutes, studies, calendar and diary entries, emails, instant messages, pamphlets, notes, charts, tabulations, analyses, statistical or informational compilations, reports, contracts, any kind of records of meetings and conversations, customer agreement papers, opening account authorizations, applications, cards and forms, customer orders, invoices, bills, office orders, confirmations, purchase and sale statements, monthly statements, and all other writings of every kind, as well as pictures, film impressions, magnetic tapes, sound or visual reproductions and any other type of mechanical or electronic reproduction, and copies of documents which are not identical duplicates of the original (i.e., because handwritten or "blind" notes appear thereon or are attached thereto).

2.     Regarding any police department or other entity, documents in the possession of or which can be acquired by its employees or agents should also be produced. Not by way of limitation, but for example only, if

an employee sent or received text messages on a cell phone, those text messages should be produced.

3.  The term "concerning" means relating to, referring to, alluding to, reflecting, substantiating, describing, evidencing or constituting.

4.  The connectives "and" and "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and vice versa.

7.  Should any document requested herein be withheld under a claim of privilege, work product or any other immunity, you must furnish a list identifying each document withheld, specifying its date, author and addressee, any other person who received or saw copies thereof or to whom the content of the document was communicated, the subject matter of the document, and the basis of the claim of privilege or immunity. Notwithstanding a claim that a portion of a document is protected from disclosure by privilege, work product or otherwise, such document must be produced with the portion claimed to be protected redacted.

8.     The "September 20, 2019" means all encounters between Geoffrey P. Williams and any law enforcement agent or agency.

9.     "Social Media" means any post on Facebook, Instagram, Snapchat, Twitter, WhatsApp, WeChat, QZone, Tumblr, or any similar site.

<u>DOCUMENTS SOUGHT THROUGH SUBPOENA</u>

1.     All documents (as defined above) concerning Geoffrey P. Williams.

2.     All documents (as defined above) concerning the September 20, 2019 Events.

3.     All Social Media concerning Geoffrey P. Williams or concerning the September 20, 2019 Events.

4.     All documents (as defined above) concerning investigations of the September 20, 2019 Events.

5.     All voicemails, emails, text messages, messenger applications, conversations, snapchat, photos, video concerning Geoffrey P. Williams and/or the September 20, 2019 Events, including any such documents created or obtained up to and including the present.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN P.C.**
JOSEPH J. SANTARONE, ESQUIRE
Identification No. 45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2626/ F: (215) 575-0856
E: *jjsantarone@mdwcg.com*

*Attorney for Defendant*
*Jiovanni Donvito*

| | | |
|---|---|---|
| GAYNELL WILLIAMS, Administrator Of | : | |
| The Estate of Geoffrey Pernell Williams | : | COURT OF COMMON PLEAS |
| | : | LACKAWANNA COUNTY |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | NO. 20-cv-3029 |
| JIOVANNI DONVITO and CITY OF | : | |
| SCRANTON | : | |
| | : | |
| Defendants. | : | |

## ENTRY OF APPEARANCE

**TO: PROTHONOTARY, COURT OF COMMON PLEAS OF LACKAWANNA**

**COUNTY:**

    Please enter my appearance on behalf of Defendant, Jiovanni Donvito, in the above-entitled

proceeding.

 

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN, P.C.**

Date: <u>January 27, 2021</u>       By: _____
                                  JOSEPH J. SANTARONE, ESQUIRE
                                  *Attorney for Defendant, Jiovanni Donvito*

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN P.C.**
JOSEPH J. SANTARONE, ESQUIRE
Identification No. 45723
2000 Market Street, Suite 2300                    *Attorney for Defendant*
Philadelphia, PA 19103                            *Jiovanni Donvito*
P: (215) 575-2626/ F: (215) 575-0856
E: *jjsantarone@mdwcg.com*

| | |
|---|---|
| GAYNELL WILLIAMS, Administrator Of<br>The Estate of Geoffrey Pernell Williams : | COURT OF COMMON PLEAS<br>LACKAWANNA COUNTY |
| Plaintiff, : | |
| v. : | CIVIL ACTION - LAW<br>NO. 20-cv-3029 |
| JIOVANNI DONVITO and CITY OF<br>SCRANTON : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, being duly sworn according to law, hereby certify that the Entry of

Appearance on behalf of Defendant, Jiovanni Donvito, was filed with the Court this date by Hand

Delivery with a copy served on all parties via email as follows:

Shelley L. Centini, Esquire
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701

Karl R. Hildabrand, Esquire
Lavery Law
225 Market Street, Suite 304
P. O. Box 1245
Harrisburg, PA 17108-1245

MAURI B. KELLY
LACKAWANNA COUNTY
CLERK OF JUDICIAL
RECORDS CIVIL DIVISION
2021 JAN 27 A 11: 35

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN, P.C.**

Date: January 27, 2021          By:

JOSEPH J. SANTARONE, ESQUIRE
*Attorney for Defendant, Jiovanni Donvito*

# EXHIBIT "C"

### IN THE COURT OF COMMON PLEAS
### OF LACKAWANNA COUNTY

GAYNELL WILLIAMS, Administrator of   :
the Estate of Geoffrey Pernell Williams,   :
Plaintiff   :

      v.   :     No.: 20-CV-3029

  :

JIOVANNI DONVITO and CITY OF   :     JURY TRIAL DEMANDED
SCRANTON,   :
Defendants   :

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   CLERK OF JUDICIAL RECORDS
      MAURI B. KELLY
      Lackawanna County Government Center
      123 Wyoming Avenue
      Scranton, PA 18503

PLEASE TAKE NOTICE THAT on February 3, 2021, Defendant, Jiovanni DonVito,

filed a Notice of Removal with the United States District Court for the Middle District of

Pennsylvania, removing the above-captioned action to federal court. A true and correct copy

of the Notice of Removal filed with the district court is attached hereto, as **Exhibit A**.

Respectfully submitted,

**MARSHALL DENNEHEY**
*Attorneys for Defendant,*
*Jiovanni DonVito*

By:    *Joseph J. Santarone*

      Joseph J. Santarone
      Pennsylvania I.D. No.: 45723

      2000 Market Street, Suite 2300
      Philadelphia, PA 19103

Ph: (215) 575-2626
Fax: (215) 575-0856
Email: jjsantarone@mdwcg.com

Date:   February 3, 2021.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Defendant, Jiovanni DonVito</u>

Signature: _Joseph J. Santarone_

Name:  <u>Joseph J. Santarone</u>

Attorney No. (if applicable): <u>45723</u>

EXHIBIT "A"

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of February, 2021, served upon the persons

listed below a true and correct copy of the Notice of Filing of Notice of Removal in the

above-captioned matter by U.S. First-Class mail, postage prepaid:

Shelley L. Centini, Esquire
Barry H. Dyller, Esquire
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701
*Attorneys for Plaintiff*

Karl R. Hildabrand, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
*Attorney for Defendant, The City of Scranton*

**MARSHALL DENNEHEY**
*Attorneys for Defendant,*
*Jiovanni DonVito*

By: Joseph J. Santarone

Joseph J. Santarone
Pennsylvania I.D. No.: 45723

2000 Market Street, Suite 2300
Philadelphia, PA 19103
Ph: (215) 575-2626
Fax: (215) 575-0856
Email: jjsantarone@mdwcg.com

Date: February 3, 2021.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of February, 2021, served upon the persons listed below a true and correct copy of Notice of Removal in the above-captioned matter by U.S. First-Class mail, postage prepaid, and/or through electronic service pursuant to this Court's CM/ECF system:

Shelley L. Centini, Esquire
Barry H. Dyller, Esquire
Dyller Law Firm
88 North Franklin Street
Wilkes-Barre, PA 18701
*Attorneys for Plaintiff*

Karl R. Hildabrand, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
*Attorney for Defendant, The City of Scranton*

**MARSHALL DENNEHEY**
*Attorneys for Defendant,*
*Jiovanni DonVito*

By:   *s/Joseph J. Santarone*
Joseph J. Santarone
Pennsylvania I.D. No.: 45723

2000 Market Street, Suite 2300
Philadelphia, PA 19103
Ph: (215) 575-2626
Fax: (215) 575-0856
Email: jjsantarone@mdwcg.com

By:    <u>*s/Thomas A. Specht*</u>
Thomas A. Specht
Pennsylvania I.D. No.: 78686

P.O. Box 3118
Scranton, PA  18505-3118
Phone: (570) 496-4612
Fax: (570) 496-0567
Email: <u>taspecht@mdwcg.com</u>

Date: February 3, 2021.