IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYNELL WILLIAMS ADMINISTRATOR OF THE ESTATE OF GEOFFREY PERNELL WILLIAMS, <br> Plaintiff <br><br> v. <br><br> JIOVANNI DONVITO and CITY OF SCRANTON, <br> Defendants | : <br> : CIVIL ACTION - LAW <br> : <br> : No. 3:21-cv-00188-RDM <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITY OF SCRANTON

Defendant City of Scranton, by and through its attorneys, Lavery Law, hereby answers and responds to Plaintiff's Complaint as follows:

### I. Jurisdiction and Venue

1. Paragraph 1 states a conclusion of law to which no answer is required and the averments are therefore denied.

2. Denied. The averments of Paragraph 2 are specifically denied and proof thereof is demanded.

## II. Parties

3. Admitted in part and denied in part. It is admitted that the Plaintiff is identified as Gaynell Williams, Administrator of the Estate of Geoffrey Pernell Williams. The remaining averments of Paragraph 3 are specifically denied and proof thereof is demanded.

4. Admitted in part and denied in part. It is admitted that Defendant Jiovanni DonVito was a police officer working for the City of Scranton Police Department on the date of the alleged incident. The remaining averments of Paragraph 4 are specifically denied and proof thereof is demanded.

5. Admitted.

6. Admitted.

## III. Background

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied. The averments of Paragraph 12 are specifically denied and proof thereof is demanded.

13. Denied. The averments of Paragraph 13 are specifically denied and proof thereof is demanded.

14. Denied as stated. Defendant DonVito utilized his Taser while pursuing the suspect who was attempting to escape police custody.

15. Admitted.

16. Denied. The averments of Paragraph 16 are specifically denied. On the contrary, Defendant DonVito was pursuing a suspect attempting to escape police custody.

17. Denied as stated. It is admitted that Williams became incapacitated and fell onto the sidewalk.

18. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 18 and the averments are therefore denied.

19. Admitted.

20. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 20 and the averments are therefore denied.

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 21 and the averments are therefore denied.

22.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 22 and the averments are therefore denied.

23.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 23 and the averments are therefore denied.

24.     Denied.  The averments of Paragraph 24 are specifically denied and proof thereof is demanded.

25.     Denied.  The averments of Paragraph 25 are specifically denied and proof thereof is demanded.

26.     Denied.  The averments of Paragraph 26 are specifically denied and proof thereof is demanded.

27.     Denied.  The averments of Paragraph 27 are specifically denied and proof thereof is demanded.

28.     Denied.  The implication of Paragraph 28 that Defendant DonVito did not receive proper training is specifically denied.

29.     Denied.  The averments of Paragraph 29 are specifically denied.

## COUNT ONE
## 42 U.S.C. §1983
## Williams v. DonVito

30-33.   These averments are directed to another Defendant and no response is required.

## COUNT TWO
## 42 U.S.C. §1983
## Williams v. City of Scranton

34.   The averments of Paragraphs 1 through 33 above are incorporated herein by reference.

35.   Denied.  The averments of Paragraph 35 are specifically denied and proof thereof is demanded at trial.

36.   Denied.  The averments of Paragraph 36 are specifically denied and proof thereof is demanded at trial.

37.   Denied.  The averments of Paragraph 37 are specifically denied and proof thereof is demanded at trial.

38.   Denied.  The averments of Paragraph 38 are specifically denied and proof thereof is demanded at trial.

39.   Denied.  The averments of Paragraph 39 are specifically denied and proof thereof is demanded at trial.

## COUNT THREE
## Assault
## Williams v. DonVito

40-43.   These averments are directed to another Defendant and no response is required.

## COUNT FOUR
## Battery
## Williams v. DonVito

44-47.   These averments are directed to another Defendant and no response is required.

## IV.   Jury Demand

48.   No answer required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

49.   Plaintiff's Complaint is barred by the Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

50.   Plaintiff's Complaint is barred, in whole or in part by the provisions of the Pennsylvania Comparative Negligence Statute.

## THIRD AFFIRMATIVE DEFENSE

51.   Defendant asserts immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in *Davidson v. Cannon*, 106 S.Ct. 668 (1997); and *Daniels v. Williams*, 106 S.Ct. 662 (1986).

**FOURTH AFFIRMATIVE DEFENSE**

52. Plaintiff has failed to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

53. Plaintiff's decedent assumed the risk of his alleged injuries.

**SIXTH AFFIRMATIVE DEFENSE**

54. Defendant asserts that Plaintiff's decedent was, at all times relevant to the Complaint, afforded all rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws.

55. At no time did Defendant violate Plaintiff's decedent's rights under the Fourth or Fourteenth Amendment to the United States Constitution.

56. At no time were Plaintiff's decedent's rights, privileges and immunities under the laws and Constitution of the United States violated.

**SEVENTH AFFIRMATIVE DEFENSE**

57. Defendant DonVito applied appropriate force in compliance with applicable policies and procedures in subduing a suspect who assaulted him and was attempting to escape from police custody.

**EIGHTH AFFIRMATIVE DEFENSE**

58. Defendants are entitled to qualified immunity, as DonVito's actions did not violate clearly established law of which a reasonable government official

7

would have known and at all times he acted in a manner which is proper, reasonable and lawful and under the exercise of good faith.

## NINTH AFFIRMATIVE DEFENSE

59. To the extent Plaintiff's claims are barred by any judicial determination of any state or federal court, Defendant claims same as a defense.

## TENTH AFFIRMATIVE DEFENSE

60. Plaintiff's Complaint fails to state a claim and cause of action upon which relief can be granted against Defendant.

## ELEVETH AFFIRMATIVE DEFENSE

61. Plaintiff's action is barred by the doctrine of official immunity.

## TWELTH AFFIRMATIVE DEFENSE

62. Defendant asserts all common law, statutory immunity and qualified immunity to which it may be entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's decedent's injuries and/or damages, if any, were caused by his own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

64. Defendant asserts all the defenses available to it under the Civil Rights Act of 1871.

## FIFTEENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred and/or limited by Defendant's immunity under the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

WHEREFORE, this Court should enter judgment against Plaintiff and in favor of Defendant City of Scranton.

Respectfully Submitted,

**LAVERY LAW**

Date: February 11, 2021          By: */s/ Karl R. Hildabrand*
                                  Karl R. Hildabrand, Esq.
                                  225 Market Street, Suite 304
                                  P.O. Box 1245
                                  Harrisburg, PA  17108-1245
                                  Attorney ID. 30102
                                  (717) 233-6633 (telephone)
                                  (717) 233-7003 (facsimile)
                                  khildabrand@laverylaw.com
                                  Atty for Defendant City of Scranton

## **CERTIFICATE OF SERVICE**

I, Karl R. Hildabrand, Esquire, with the law firm of Lavery Law, do hereby certify that on this 11th day of February, 2021, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant City of Scranton was served on all attorneys of record via the Court's ECF System.

| | |
|---|---|
| Shelley L. Centini, Esquire | Joseph J. Santarone, Esquire |
| Dyller Law Firm | Marshall Dennehey Warner Coleman & Goggin, P.C. |
| Gettysburg House | |
| 88 North Franklin Street | 2000 Market Street, Suite 2300 |
| Wilkes-Barre, PA 18701 | Philadelphia, PA 19103 |
| *Counsel for Plaintiff* | *Counsel for Defendant DonVito* |

　　　　　　　　　　　　　　　　　　　　__/s/ Karl R. Hildabrand_____
　　　　　　　　　　　　　　　　　　　　Karl R. Hildabrand, Esquire