

**pennsylvania**
DEPARTMENT OF REVENUE
HARRISBURG PA 17128-2005

DYLLER & SOLOMON, LLC
BARRY H DYLLER, ESQUIRE
88 N FRANKLIN ST
WILKES BARRE PA 18701-1388

| | |
|---|---|
| Date Issued | 10/12/2021 |
| Letter ID | L0007102694 |
| Case Number | 0-002-346-657 |

## Wrongful Death Survival Action Allocation

The Pennsylvania Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the below-referenced estate in regard to a Wrongful Death and Survival Action. It was forwarded for the approval of allocated proceeds paid to settle the actions.

According to the petition, the decedent died as a result of injuries sustained in a fall. The decedent is survived by his parents. The decedent was 28 years old at the Date of Death.

**Account Information**
Estate of: WILLIAMS, GEOFFREY P                File Number: 3520-0701

**Why you are receiving this notice**
If you have any questions regarding this matter, please direct them using the contact information listed below.

Carolyn Dymond
(717) 787-8321

**Financial Loss**
Pursuant to the Supreme Court of Pennsylvania, before there can be any recovery of damages by a family member for the negligent death of another in the same relation, there must be a financial loss (*Manning v. Capelli*). Family relation required to maintain action under the Wrongful Death Act is defined to require showing of financial loss by relatives seeking damages as a result of the wrongful death of the decedent; there must be financial loss by one in family relation before there is any recovery in damages (*Hodge v. Loveland*). Occasional gifts and services are not a sufficient financial loss. (*Gaydos v. Domabyl*).

**Future Earnings**
Pursuant to the Supreme Court of Pennsylvania, damages recoverable under a Survival Action include those for future earnings, even where those earnings may be difficult to quantify (*Kiser v. Schulte*). This is supported by the Commonwealth Court (*Roberts v. Dungan*) (*Rettger v. UPMC Shadyside*). A portion of the subject recovery, absent any facts to the contrary, therefore must be allocated to the Survival Action as the compensation for the decedent's lost earnings.

**Departmental determination**

Please be advised that based upon these facts and case law, the department disagrees with proposed allocation of the 90/10 between Wrongful Death and Survival Action.

However, for Inheritance Tax purposes only, this department would not



object to the allocation of the gross proceeds of this action:

> Wrongful Death Claim: $450,000.00
> Survival Action Claim: $450,000.00

This is equal to a 50/50 split.

Proceeds of a Survival Action are an asset included in the decedent's estate and are subject to the imposition of Pennsylvania Inheritance Tax (42 Pa. C.S.A. § 8302) (72 P.S. §9106, 9107).

Please use the contact information provided above if you or the Court have any questions or require anything additional from this bureau.

**References**

*Kiser v. Schulte*, 648 A.2d 1 (Pa. 1994)

*Manning v. Capelli*, 411 A.2d 252 (Pa. Super. Ct. 1979)

*Hodge v. Loveland*, 690 A.2d 243 (Pa. Super. Ct. 1997), *reargument denied, appeal denied*, 723 A.2d 672 (Pa. 1997)

*Gaydos et al. v. Domabyl*, 301 Pa. 523 (1930)

*Roberts v. Dungan*, 574 A.2d 1193 (Pa. Cmwlth. Ct. 1990)

*Rettger v. UPMC Shadyside*, 911 A.2d 915 (Pa super. 41 2010)